**Roberto Mejia HERNANDEZ; Rocio Erasma Ramirez–Solis, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70447.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard M. Evans, Esq., Carl H. McIntyre, Jr., Susan K. Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Roberto Mejia Hernandez and his wife, Rocio Erasma Ramirez-Solis, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from the Immigration Judge's ("IJ") order denying their motion to reopen removal proceedings based on the ineffective assistance of current counsel. Reviewing for abuse of discretion, *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir.2005), we deny the petition for review.

The record shows that on October 16, 2003, the BIA served notice on current counsel of the decision dismissing Petitioners' appeal, due to current counsel's failure to file a timely notice of appeal, and on January 29, 2004 counsel moved to reopen. *See* 8 C.F.R. § 1003.23(b)(1) (setting 90-day filing deadline for motions to reopen before the IJ). The motion did not attach any evidence to support counsel's contention that Petitioners were unaware of counsel's ineffective assistance until they received the December 29, 2003 letter from Immigration and Customs Enforcement, ordering them to report for removal. *See* 8 C.F.R. § 1003.23(b)(3) (a motion to reopen shall be supported by affidavits and other evidentiary material). Therefore, the BIA did not abuse its discretion in finding that the motion to reopen was not timely filed, and rejecting Petitioner's request for equitable tolling. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (party invoking equitable tolling needs to show that his ignorance of the limitations deadline was due to factors beyond his control in order to prevail).

However, the record before us shows that Petitioners have been put at a disadvantage by their current counsel's admitted ineffective assistance in their appeal before the BIA (untimely filed) and the subsequent motion to reopen before the IJ (also untimely filed). Petitioners have been further hindered by counsel's inability to adequately challenge the IJ's order denying the motion to reopen before the BIA and in this petition for review. Accordingly, we extend the stay of removal for 30 additional days so that Petitioners may pursue whatever remedies they may have before the BIA.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.